UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAX BRADFIELD,

        Plaintiff,

vs.

Case No. 1:07-cv-1016

Hon. Robert J. Jonker

CORRECTIONAL MEDICAL
SERVICES, INC., *et al.*,

        Defendants.

                                   /

**ORDER**

On November 16, 2007, summons were issued as to defendants Judy Gracik, Correctional Medical Services, Inc. ("CMS"), Timothy M. Jones, Teresa J. Simmons, Michael E. Wilkinson, Shawn L. Griffin and Daniel Spitters. The record reflects that defendants Michael E. Wilkinson, Shawn L. Griffin and Judy Gracik have been served and that they have appeared in this suit. The summonses for defendants Teresa J. Simmons and Timothy M. Jones were returned as unexecuted, because they were no longer employed by the Michigan Department of Corrections (MDOC). *See* docket nos. 11, 12. The summonses issued to defendants CMS and Daniel F. Spitters remain outstanding.

This matter is now before the court on "Plaintiff's declaration and ex parte motion to compel discovery" (docket no. 6). Plaintiff seeks two separate forms of relief. First, plaintiff asks the court release the addresses of defendants Teresa J. Simmons, Daniel F. Spitters, Judy Gracik and Timothy M. Jones to the United States Marshals Service for service of the summons and complaint. Second, plaintiff asks "that the true identity of Defendant John or Jane Doe, along with his/her current or last known address also be released."

Prisoners, such as plaintiff, do not have the to locate former MDOC employees. In the past, the court has directed the MDOC to provide the addresses for its former employees to the United States Marshals Service to facilitate service of process in § 1983 actions brought by pro se prisoners. The court considers this an appropriate method for protecting the rights of both plaintiffs and defendants. Accordingly, plaintiff's motion shall be **GRANTED** with respect to defendants Teresa J. Simmons and Timothy M. Jones. The Clerk of the Court is directed to prepare a summons and a copy of plaintiff's complaint for service on defendants Teresa J. Simmons and Timothy M. Jones. The MDOC is directed to release the last known address of these two former employees to the United States Marshals Service to effectuate service of the summons and complaint. **The addresses of Teresa J. Simmons and Timothy M. Jones shall not be placed on the summons, the complaint, or any other document filed in this suit.**

In his second request for relief, plaintiff asks the court to direct the MDOC to identify an unknown party which he has named as "Dr. John or Jane Doe." It is inappropriate for the court to grant such relief. Plaintiff bears the responsibility of identifying the defendants in his lawsuit. *See, e.g.*, *Feliciano v. DuBois*, 846 F.Supp. 1033, 1048 (D.Mass. 1994) (pro se inmate plaintiffs "must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and a copy of the complaint"). This responsibility extends to identifying so-called "Doe" defendants. *See Hindes v. FDIC*, 137 F.3d 148, 155 (3rd Cir. 1998) ("Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed") (internal quotation and citation omitted). Accordingly, plaintiff's motion is **DENIED** with respect to plaintiff's request to identify the "Doe" defendant.

**IT IS SO ORDERED.**

Dated:  February 25, 2008                             /s/ Hugh W. Brenneman, Jr.
                                                      HUGH W. BRENNEMAN, JR.
                                                      United States Magistrate Judge