UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAX BRADFIELD,

        Plaintiff,

vs.

CORRECTIONAL MEDICAL
SERVICES, INC., *et al.*,

        Defendants.
                                          /

Case No. 1:07-cv-1016

Hon. Robert J. Jonker

**ORDER AND NOTICE OF IMPENDING DISMISSAL**

This matter is now before the court on "plaintiff's motion for personal service and enlargement of time to effect service" (docket no. 24). Plaintiff seeks an enlargement of time to serve the defendants in this action. Defendants Correctional Medical Services, Inc. ("CMS"), Timothy M. Jones, Teresa J. Simmons, Shawn L. Griffin, Daniel F. Spitters and Judy Gracik have entered an appearance in this matter. Accordingly, plaintiff's request for an extension of time to serve these six defendants is moot.

Plaintiff's motion also seeks additional time to serve "Dr. John or Jane Doe," an unknown party named in the complaint, whom plaintiff alleges was "a physician formerly employed by CMS at LRF health services whose name and whereabouts are presently unknown and who may not exist" and who was "responsible for all matters involving medical judgement at LRF health services, and is sued in his/her individual capacity." Compl. at ¶ 8. In an order entered February 25, 2008, the court ruled that plaintiff bears the responsibility of identifying the "Doe" defendant. *See* docket no. 27. In a letter dated January 28, 2008, counsel for defendant CMS advised plaintiff that she was "uncertain whether such an individual even exists, much less as to the identity of same."

*See* Exh. D attached to motion. Under these circumstances, there is no basis to grant plaintiff an extension of time to serve this unknown and apparently non-existent physician. Accordingly, plaintiff's motion is **DENIED**.

Fed. R. Civ. P. 4(m) requires that "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . after notice to plaintiff . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed his complaint on October 9, 2007. Although more than eight months have passed since the filing of the complaint, plaintiff has failed to complete service of process on the defendant named as "Dr. John or Jane Doe" in accordance with Fed. R. Civ. P. 4(m). Accordingly, plaintiff shall show cause, in writing, within fourteen (14) days of the entry of this order, why this action should not be dismissed without prejudice as to defendant "Dr. John or Jane Doe" for failure to complete service and lack of prosecution. *See* Fed. R. Civ. P. 4(m);W.D. Mich. LCivR 41.1  If good cause is not shown within the time provided, the court will enter an order dismissing this defendant.

**IT IS SO ORDERED.**

Dated:  July 3, 2008                               /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge