UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAX BRADFIELD, # 224312,

       Plaintiff,

                                                   CASE NO. 1:07-CV-1016

v.

                                                   HON. ROBERT J. JONKER

CORRECTIONAL MEDICAL SERVICES,
et al.,

       Defendants.
_____/

**ORDER AND JUDGMENT
APPROVING REPORT AND RECOMMENDATION**

       The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 57) and Plaintiff Bradfield's Objections to the Report and Recommendation (docket # 58).

       Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Mr. Bradfield complains that he was denied proper medical care in prison in violation of the Eighth Amendment. (Complaint, docket # 1, at 1.) Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, a prisoner bringing an action concerning prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The Magistrate Judge found that Mr. Bradfield had not properly exhausted administrative remedies. (Report and Recommendation, docket # 57, at 2.) He therefore recommended granting the Motion to Dismiss of one group of Defendants (docket # 20) and the Motions for Summary Judgment of the other Defendants (docket ## 30, 47, 52). (*Id.* at 10-12.)

To properly exhaust available administrative remedies, a prisoner must complete the administrative process in accordance with applicable procedural rules, including, among others, deadlines. *Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 548 U.S. 81 (2006). In making his findings, the Magistrate Judge took judicial notice of copies of the three grievances Mr. Bradfield cites in his Complaint, the Michigan Department of Corrections (MDOC) responses to those grievances, and Mr. Bradfield's appeals through the MDOC administrative process. (Report and Recommendation, docket # 57, at 6-9.) One of the grievances, Grievance LRF-2005-05-527-13a, has to do with Mr. Bradfield's work detail and is irrelevant to his complaint. (*See*

Brief in Support of Defendants Wilkinson et al.'s Mot. for Summ. J., docket # 31, Ex. B.)  The MDOC rejected Mr. Bradfield's other two grievances, LRF-2005-09-1191-28e and LRF-2006-12-1707-28e, as untimely at each step of the process.  (*Id.* at Exs. C and D.)  A plain reading of the grievances and the applicable MDOC grievance policy supports the conclusion that Mr. Bradfield filed his grievances untimely.

Mr. Bradfield raises thirteen objections to the Report and Recommendation, some of which overlap and will be addressed together.  At the outset, he asserts that the Magistrate Judge improperly construed ambiguities in the applicable MDOC Policy Directive (PD 03.02.130) in favor of Defendants.  (Pl.'s Objections to Magistrate's Report and Recommendation, docket # 58, at 2.)  In particular, Mr. Bradfield argues that the Report and Recommendation mistakenly states that the policy directive requires an inmate to first attempt to resolve a problem orally.  (*Id.*)  It is true that the policy directive does not state explicitly that an inmate must attempt to resolve a problem orally; rather, it says that "a grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue."  (Brief in Support of Defendants Wilkinson et al.'s Mot. for Summ. J.. docket # 31, Ex. E.)  One could reasonably infer that a grievant would likely attempt to resolve the issue orally.  Further, it makes no difference in this case whether the Plaintiff initially attempted to resolve the issue orally or in writing; either way, the grievances were filed untimely.  Mr. Bradfield's first objection is unpersuasive.

Mr. Bradfield's second objection is not entirely clear.  He appears to suggest first that the Report and Recommendation failed to consider the policy directive as a whole.  (Pl.'s Objections to Magistrate's Report and Recommendation, docket # 58, at 5.)  The Court sees no basis for this suggestion.  He also suggests that the MDOC somehow improperly implemented the grievance

3

procedure. The record provides no support for this contention. In particular, Mr. Bradfield seems to imply that the MDOC did not reject one or more of his grievances at Step II, and he claims that "acceptance at Step II waives any procedural default at Step I." (*Id.* at 5.) Similarly, Mr. Bradfield's fourth objection also states that a grievance was "rejected at Step I, but accepted at Step II." (*Id.* at 7.) However, the record reflects that the MDOC rejected each of the two grievances relevant to this action as untimely at Step II. These objections are unconvincing.

In his third objection, Mr. Bradfield posits that the Report and Recommendation mistakenly implies that he had not responded to Defendants' CMS and Spitters Motion to Dismiss (docket # 20). (*Id.* at 5-6.) This objection has nothing to do with the exhaustion issue, and the question of whether Mr. Bradfield responded to the Motion to Dismiss had no bearing on the Magistrate Judge's decision. The objection does not change the Court's analysis.

In a second part of his fourth objection, Mr. Bradfield argues that he did not fail to exhaust, because he "believed his grievance was timely, and [he] was inhibited by his physical and mental state." (*Id.* at 7.) The MDOC considered this argument and rejected it, as did the Magistrate Judge. Whether he believed his grievances were timely makes no difference. *C.f. United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999). This objection provides no basis on which to reject the Report and Recommendation.

Mr. Bradfield's fifth objection disagrees with the Magistrate Judge's reading of Grievance LRF-2006-12-1707-28e. (Pl.'s Objections to Magistrate's Report and Recommendation, docket # 58, at 8-9.) The Report and Recommendation notes that this grievance is directed against Dr. Craig Hutchinson and states that the grievance "appears to be both unrelated to the issues in this action and untimely." (Report and Recommendation, docket # 57, at 10.) Mr. Bradfield objects

4

that the grievance is directed against not only Mr. Hutchinson, but also several individuals named in the complaint. (Pl.'s Objections to Magistrate's Report and Recommendation, docket # 58, at 8.) This objection is ultimately beside the point. No matter how the grievance is construed, it fails to exhaust Plaintiff's claims. To the extent that the grievance alludes to broad medical care issues, the grievance is both duplicative and untimely, as the MDOC's responses to the grievance stated. (*See id.*) Mr. Bradfield's fifth objection has no impact on the analysis of the exhaustion issue.

Mr. Bradfield's sixth objection simply restates that he objects to the finding of a lack of exhaustion, for all the other reasons discussed in his objections. (*See* Pl.'s Objections to Magistrate's Report and Recommendation, docket # 58, at 9.) It is entirely redundant.

In his seventh objection, Mr. Bradfield claims that his affidavits "in conjunction with his Brief . . . and other grievances submitted as evidence of MDOC practice, establish that Plaintiff properly exhausted." (*Id.* at 10.) On the contrary, the record is clear that Mr. Bradfield filed the grievances untimely and so did not exhaust.

In his eighth objection, Mr. Bradfield posits that the Report and Recommendation did not adequately consider his arguments concerning the availability of administrative remedies, and he reiterates those claims. (*Id.* at 10-13.) His arguments are unconvincing. They appear to rest on the premise that the MDOC misinterpreted its own grievance policy, but there is no record support for this claim. The record indicates that the MDOC implemented the policy in accordance with the plain language of the policy. This objection is unpersuasive.

Mr. Bradfield's ninth objection states that the court "apparently assumed that . . . procedural default under 'proper exhaustion' cannot be excused." (*Id.* at 12-13.) He points to no aspect of the

Report and Recommendation reflecting such an assumption, nor does he explain why the assumption would make a difference in the outcome of his case.

In his tenth objection, Mr. Bradfield posits that the MDOC waived any procedural error in the grievances process by accepting the grievances at Step I; addressing the merits of the grievances; stating in one instance that Mr. Bradfield had exhausted his administrative avenues; and misinterpreting its own policy. (*Id.* at 15-18.) Similarly, in his twelfth objection, Mr. Bradfield argues that equitable estoppel should excuse his procedural error. (*Id.* at 18-19.) With only two exceptions, these claims are redundant of other objections. Moreover, neither of the new issues is persuasive. First, Mr. Bradfield points out that the MDOC did, in its response to Grievance LRF-2006-12-1707-28e, state that he had exhausted his "administrative avenues." (Brief in Support of Defendants Wilkinson et al.'s Mot. for Summ. J., docket # 31, Ex. D.) But Mr. Bradfield takes this statement out of context to propose that the MDOC effectively conceded that he had exhausted properly. The text surrounding the statement makes it clear, that the MDOC was not referring to the administrative exhaustion necessary to bring a claim under 42 U.S.C. § 1983. (*Id.*) Rather, the grievance response explains that Mr. Bradfield is raising duplicative claims he had already grieved and as to which he had received a response at each step of the administrative process. (*Id.*) Second, Mr. Bradfield notes that the Step III response to his final grievance includes a finding that "staff properly responded to the grievance and addressed the merits of the main issue grieved." (*See id.*) However, the same response, upholding the lower step decisions correct, notes that the grievance had been "rejected as untimely." (*Id.*) The merits of the underlying dispute are not considered in any of the Step responses. Mr. Bradfield's tenth and twelfth objections do not undermine the Magistrate Judge's decision.

Mr. Bradfield's eleventh objection challenges, in essence, whether the *Woodford* requirements for proper exhaustion applies to his grievances, because he filed the grievances before *Woodford* was published. The Magistrate Judge properly applied Woodford to Mr. Bradfield's claims. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993); *James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 543; *Hatchett v. United States*, 330 F.3d 875, 882-83 (6th Cir. 2003); *Toms v. Taft*, 338 F.3d 519, 529 (6th Cir. 2003).

Finally, Mr. Bradfield argues that the PLRA's exhaustion requirements are unconstitutional because they restrict his ability to access the court. This argument cannot succeed. It is well-established that the PLRA's exhaustion requirements are constitutional. *See, e.g. Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).

Mr. Bradfield's objections are all unavailing. The Report and Recommendation recommends disposition of all pending motions (docket ## 20, 22, 30, 47 and 52) appropriately. Accordingly, **IT IS ORDERED**:

1. Plaintiff's combined Motion for Partial Conversion of Defendants' Motion to Dismiss to One for Summary Judgment, for Discovery, for Extension of Time, and for Enlargement of page limits (docket # 22) is **DENIED**;

2. Defendants Corrections Medical Services, Inc. and Spitters's Motion to Dismiss (docket # 20) is **GRANTED**; and

3. Defendants Gracik, Wilkinson, Griffin, Jones and Simmons's Motions for Summary Judgment (docket ## 30, 47 and 52) are **GRANTED**.

Dated:   February 27, 2009              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE